1998 OK JUD ETH 1

## JUDICIAL ETHICS OPINION 1998–1.

### No. 1998–1.

Oklahoma Judicial Ethics Advisory Panel.

Decided March 26, 1998.

Filed: April 20, 1998.

QUESTION 1: If a Judge does not hear protective orders, is membership or being an Officer in a Task Force on Domestic Violence a violation of Canon 4C(3)(a)(i) or (ii)? May a Judge who hears protective orders be a member or officer?

QUESTION 2: Should a judge write and make applications for grants and funding to governmental agencies for a Task Force on Domestic Violence, particularly if he hears domestic violence on a regular basis? Is this a violation of Canon 4C(3)(b)(iv) or is this permissible under Canon 4C(3)(b)(ii)?

A Task Force on Domestic Violence is an organization coming under Code of Judicial Conduct, Canon 4C(3), being an organization devoted to the improvement of the law, the legal system or the administration of justice. However, it is an organization that will frequently be engaged in proceedings that would ordinarily come before the Judge or will be engaged frequently in adversary proceedings in the Court of which the Judge is a member. It is our opinion, pursuant to Canon 4C(3)(a)(ii), the Judge could not serve in the Task Force on Domestic Violence as either an officer, director, trustee or non-legal advisor.

Canon 4C(3) is silent as to whether a Judge may be a member of such an organization. It is our opinion, however, that a Judge may not be a member of this Task Force on Domestic Violence. While not specifically prohibited by the Canon, we believe such membership by a Judge who routinely handles such adversary proceedings would violate the spirit of paragraphs (a) and (b) of Canon 4C(3); therefore, such membership is prohibited.

The answer to Question 2 is: NO. It is not the intent of this panel to discourage Judges from serving in organizations involving governmental, civic or charitable activities, especially where the Judge's expertise, knowledge and experience would be particularly beneficial. A general rule on this question is difficult because Canon 4 does provide that a Judge may serve as an officer, director, trustee or non-legal advisor and may assist certain organizations involved in governmental, civic or charitable activities in planning fund raising and may participate in the management and investment of the organization's funds. But a Judge must use great caution before participating in organizations whose mission is not clear and specific and where fund raising is involved. Canon 4A(1) requires a Judge to conduct all of the Judge's extra-judicial activities so that they do not case reasonable doubt on the Judge's capacity to act impartially as a Judge.

Question 2 suggests that the Judge would be acting as a non-legal advisor in application for grants and fundings to governmental agencies; Canon 4C(3)(a)(ii) clearly prohibits a Judge from acting as a non-legal advisor for an organization that will be engaged frequently in adversary proceedings in the Court of which the Judge is a member.

/s/ Robert L. Bailey, Chairman

/s/ Robert A. Layden, Vice Chairman

/s/ Milton C. Craig, Secretary